IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FERNANDO PATINO | § | |
| v. | § | CIVIL ACTION NO. 6:14cv994 |
| JONI WHITE, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Fernando Patino, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Patino originally named state classification officer Joni White, Michael Unit Warden Joel Barbosa, TDCJ Executive Director Brad Livingston, TDCJ-CID Director William Stephens, and Michael Unit classification officers Tamara Boaz and Debbi Poole as Defendants, but at an evidentiary hearing, he stated that he wished to sue only White, Stephens, and Livingston.

**I. Background**

Patino states that on April 20, 2014, he was strangled and beaten to the point of death by another inmate, Ed House, but was revived with CPR. Patino explains that he had killed House's father on a sudden passion defense and by policy, House should not have been on the same unit, but the TDCJ classification department assigned House to the same pod and section, only eight cells away from Patino. He asserted that White failed to check House's background before placing him on the same unit as Patino and that Stephens and Livingston were responsible as well. An evidentiary hearing was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),

1

and Patino testified at the evidentiary hearing that he did not believe the officials knew House was his enemy before putting him on the unit.

Warden Larry Berger testified at the evidentiary hearing that an investigation is conducted when prison officials know that a problem exists. Inmates can be designated as "not for same housing" with regard to an enemy. After Patino was assaulted and the prison officials learned what had happened, the "not for same housing" designation was placed in his file. The response to a Step One grievance filed by Patino indicated that the unit administration and the agency was not aware of any connection between Patino and House, just as Patino himself had not been aware.

## II. The magistrate judge's report and the objections

After review of the pleadings and testimony, the magistrate judge issued a report recommending that the lawsuit be dismissed. The magistrate judge observed that according to Patino's testimony and the prison records, the prison officials were not aware that House posed a danger to Patino until after the assault had occurred. Thus, the magistrate judge concluded that the named defendants were not deliberately indifferent to Patino's safety because Patino did not allege, much less show, that any of these defendants knew of and disregarded a substantial risk to his safety.

Patino filed two sets of objections, but asks that his first one be disregarded. In his second set of objections, Patino states that the responses to his grievances make clear that policy was violated. According to policy, House should never have been assigned to the Michael Unit because Patino was there. He asks why the named defendants were not present at the evidentiary hearing and argues he needed counsel because he did not have any access to the intake information. If this information revealed that both Patino and House had family and friends listed in Silverton, Texas, there should have been a designator that they not be housed together.

Patino argues that the Defendants were acting under color of state law and says that he can cite "numerous amounts of cases" saying that violations of policy, custom, or regulations can act as the moving force to civil rights and constitutional violations. He states "surely negligence and policy violations should be sufficient to trigger a Fourteenth and Eighth Amendment protection." Patino

2

maintains that the TDCJ officials' negligence and violation of policy abused his safety and contends "merely not knowing is not a defense."

**III. Discussion**

Patino asks why the named Defendants were not present at the evidentiary hearing, but the hearing is not a trial nor even an adversarial proceeding. Instead, the purpose of the evidentiary hearing was to ascertain what it is the prisoner alleges occurred and the legal basis for the claims. The information received is considered as an amendment to the complaint or a more definite statement. *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

The Supreme Court has stated that

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. ...
>
> But an official's failure to alleviate a significant risk which he should have perceived, but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Patino's contention that "merely not knowing is not a defense" is incorrect. Even if the Defendants should have perceived the risk but failed to do so, this does not amount to an Eighth Amendment violation. *See Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (negligence or lack of due care in failing to protect an inmate from assault by another prisoner did not set out a constitutional claim); *Adames v. Perez*, 331 F.3d 508, 513-14 (5th Cir. 2003) (no deliberate indifference on the part of the warden where warden was unaware that correctional officers were not following standard safety procedures).

Although Patino argues that violations of policies, customs, or procedures can amount to constitutional violations, the Fifth Circuit has held that a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process. *Elizondo v. Livingston*, slip op. no. 14-11203, 2016 U.S. App. LEXIS 4492 (5th Cir., March 10,

3

2016), *citing Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). In order to prevail, Patino must show that the Defendants both knew of and disregarded a substantial risk to his safety. *Austin v. Johnson,* 328 F.2d 204, 210 (5th Cir. 2003). He alleges no more than the Defendants should have known but did not. This is not sufficient to set out a constitutional claim. Patino's objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 42) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Clerk shall send a copy of this Opinion to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 8th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE